## No. 6584.

### F. Aufeukolk vs. P. Montegut et al.

*The notice of transfer of a judgment against a deceased person, served on the widow, and natural tutrix of the decedent's children, even before she has received her letters of tutorship, is sufficient to perfect the transfer.*

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.*

*McEnery, Ellis & Ellis*, for plaintiff and appellee.

*Charles Louque*, for defendant.

The opinion of the court was delivered by

DeBlanc, J. The defendant became the owner, by purchase, of a judgment of John Lacey vs. Mrs. Marmu, and, issuing execution thereon, seized the judgments which she had obtained against Bonnet and Woods. The seizure of the Bonnet judgment was released. The judgment against Woods had been transferred by Mrs. Marmu to plaintiff, Aufeukolk; she enjoined its sale under the seizure of Montegut.

This controversy hinges on the validity of that transfer. It was made on the tenth of July, 1876, and on the same day the transfer was filed in court, and the judge recognized plaintiff as the subrogated judgment creditor, and ordered notice to be given to Woods, the judgment debtor. The sheriff proceeded to serve this notice on Woods, but he had died that same day. His widow applied for recognition as representative of his estate on the nineteenth of July, and, on the twenty-ninth, signed the inventory as tutrix of the children. The service of the notice of transfer from Mrs. Marmu to plaintiff was made on Mrs. Woods, as widow in community and natural tutrix, on the twenty-second day of August, 1876; on the twenty-third of said month a notice of the seizure of the transferred judgment by Montegut was served on Mrs. Woods, as widow in community, etc.

Mrs. Woods did not receive her letters of tutorship until the thirteenth

of October, and the defendant contends that no notice on her was good until then. We think otherwise. She was, by nature, the tutrix of her children. The judge does not confer the appointment of such a tutrix. He only confirms the designation made by the law. As tutrix, she sufficiently represented the estate to receive the notice.

The transfer to plaintiff is in no way assailed, and there is no error in the judgment of the lower court.

It is therefore ordered, adjudged, and decreed that said judgment be, and it is hereby affirmed, at appellant's costs.